# EXHIBIT B

Received and E-Filed for Record
4/28/2020 3:57 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

# LAWRENCE LAW FIRM
### *A Professional Corporation*

3112 Windsor Rd. #A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 fax

20-04-05072

Montgomery County - 410th Judicial District Court

April 28, 2020

***Via E-File***
Mark Turnbull, District Clerk
210 West Davis
Conroe, Texas 77301

> RE:   **NEW FILING:** ***Martha Quintanilla v. United Property & Casualty Insurance Company***

Dear District Clerk:

By this letter, we kindly ask that you file the enclosed petition with request for a jury, and that you please prepare one citation and serve it by certified mail RRR for the following defendant:

> Defendant United Property & Casualty Insurance Company is a Florida Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201

If you have any questions, please feel free to contact me directly at 956-792-6286. Thank you.

Warmest Regards,

/s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
MICHAEL A. LAWRENCE

Received and E-Filed for Record
4/28/2020 3:57 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

20-04-05072

CAUSE NO. _____

| | | |
|---|---|---|
| MARTHA QUINTANILLA | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | Montgomery County - 410th Judicial District Court |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | MONTGOMERY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARTHA QUINTANILLA,** complaining of **UNITED PROPERTY & CASUALTY INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff resides in Montgomery County, Texas.

3. Defendant United Property & Casualty Insurance Company is a Florida Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant United Property & Casualty Insurance Company (hereinafter "UPC") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Montgomery County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5.  Plaintiff are the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by UPC.

6.  Plaintiff own the insured property, located at 19566 Desna Drive, Texas 77365 (hereinafter referred to as "the Property").

7.  UPC sold the Policy with policy number 19TX00004344 insuring the property to Plaintiff.

8.  On or about August 11, 2018, Plaintiff sustained extensive physical damage to the insured Property when strong supercell thunderstorms moved through the Hidalgo County, Texas area producing heavy rains, and damaging wind and hail.

9.  Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the August storm.  Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy she entered into with the Defendant.

10.  The Plaintiff reported the damage to the covered Property to the Defendant UPC. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy he has with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff.   Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff had with Defendant specifically excluded some repairs.

11.  As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property.  As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

12.  Defendant UPC failed to perform its contractual duties to adequately compensate

Plaintiff under the terms of the policy.  In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant UPC has categorically refused to pay the full proceeds available under the policy.  Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff.  Defendant UPC's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant UPC has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full.  Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant UPC's failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant UPC's failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement.  Specifically, Defendant UPC failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant UPC did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant UPC's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant UPC refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant UPC failed to conduct a reasonable investigation. Specifically,

Defendant UPC performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant UPC failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex Ins. Code §542.056.

18. Defendant UPC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented her claim to Defendant UPC, the liability of Defendant UPC to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant UPC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant UPC knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant UPC's wrongful acts and omissions, Plaintiff was forced to

retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant UPC

22. Defendant UPC is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant UPC's conduct constitutes a breach of the insurance contract made between Defendant UPC and Plaintiff.

24. Defendant UPC's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant UPC's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a).  All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Farmer's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant UPC's unfair settlement practice, as described above, of failing to attempt

in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant UPC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

29. Defendant UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant UPC's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

**Breach of the Duty of Good Faith and Fair Dealing**

31. Defendant UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant UPC's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant UPC knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear,

constitutes a breach of the duty of good faith and fair dealing.

## Fraud

33.  Defendant UPC is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant UPC knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant UPC's mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff are entitled to regain the benefit of their bargain,

which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include his past and future medical expenses, that

should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages.  Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief, the maximum of which is less then one million dollars as of the time of this filing.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant UPC

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc.  If you make claim of privilege

for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

51. Please produce all non-privileged emails and other forms of communication between UPC, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

52. Produce any complete file (excluding all privileged portions) in UPC's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which UPC opened a claim under any policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

53. Produce the complete claim or adjusting file for Plaintiff's property.  Please produce a privilege log for any portions withheld on a claim of privilege.

54. Produce all emails and other forms of communication between UPC and and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.  This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in UPC's possession.  Please produce a privilege log for any items withheld on a claim of privilege.

55. Produce all estimates and reports and photos generated by the field adjusters on this claim.

56. Produce all correspondence between the field adjusters and the desk adjusters, including all emails exchanged between the desk adjuster and field adjuster on this claim.

**Plaintiff's 1st Set of Interrogatories to Defendant UPC**

57. Please identify by name, title, telephone number, address, and email every field adjuster, desk adjuster, supervisor, either employed with UPC or contracted on behalf of UPC that has been involved with this file even if no longer employer with UPC.

58. Please describe whether any field adjusters wrote to replace the roof on this claim.

59. Please describe by name, title, telephone number the person answering these interrogatories, requests for production and requests for admission on behalf of UPC.

**Plaintiff's 1st Requests for Admission to Defendant UPC**

60. Admit or deny that a report was generated by the initial field adjuster in this case that wrote to replace the roof.

61. Admit or deny that a report was generated by the field adjuster in this case that wrote to partially replace the roof.

62. Admit or deny that the field adjuster generated a report with damages that exceeded 75 thousand dollars.

63. Admit or deny that the field adjuster generated a report with damages that exceeded 100 thousand dollars.

64. Admit or deny that none of the desk adjusters involved with this claim have ever been to the property.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition,

Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

CELESTE GUERRA
State Bar No. 00795395

ATTORNEYS FOR PLAINTIFF

# CITATION

**Cause Number: 20-04-05072**

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| **Melisa Miller** | **Larry W Lawrence, Jr.** |
| **P.O. Box 2985** | **3112 Windsor Rd** |
| **Conroe, Texas 77305** | **Suite A234** |
| | **Austin TX  78703** |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

**To:      United Property & Casualty Insurance Company**
**          Registered Agent CT Corporation System**
**          1999 Bryan Street Ste 900**
**          Dallas TX  75201**

**You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.**

**Said Plaintiff's Original Petition was filed in said court on this the 28th day of April, 2020 numbered 20-04-05072 on the docket of said court, and styled, Martha Quintanilla VS. United Property & Casualty Insurance Company**

**The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.**

**The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.**

**Issued and given under my hand and seal of said Court at Conroe, Texas on this the 29th day of April, 2020.**

**Melisa Miller, District Clerk**
**Montgomery County, Texas**

**By:**_____

**Deven Maropis, Deputy**

## OFFICER'S RETURN

**Cause No. 20-04-05072**                              **Court No: 410th Judicial District Court**
**Style: Martha Quintanilla VS. United Property & Casualty Insurance Company**
**To:**          **United Property & Casualty Insurance Company**
**Address:**     **Registered Agent CT Corporation System**
                 **1999 Bryan Street Ste 900**
                 **Dallas TX 75201**

**Came to hand the \_\_\_day of _____, 20\_\_, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to wit:**

**Name**                **Date/Time**             **Place, Course and distance from Courthouse**
_____      _____      _____

**Manner of service: _____**

**\*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:**
_____
**And the cause of failure to execute this process is:**
_____
**And information received as to the whereabouts of said defendant(s) being:**
_____

**FEES:**
**Serving Petition and Copy    $_____**

**TOTAL                        $_____**          _____**OFFICER**

                                                   _____**County, Texas**

                                      **By: _____, Deputy**

## AFFIANT
**Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.**

**A return signed under penalty of perjury must contain the statement below in substantially the following form:**
**My full name is _____**
**My date of birth is \_\_\_/\_\_\_/\_\_\_\_, and my address is**
**_____.**
**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**
**Executed in_____, County, State of**
**_____, on the \_\_\_\_\_day of _____, 20\_\_\_\_.**

_____
**Declarant/Authorized Process Server**
_____
**ID# & Exp. Of Certification**

_____
**Declarant/Authorized Process Server**
_____
**ID# & Exp. Of Certification**

**SWORN AND SUBSCRIBED ON**

_____
**DATE**

_____
**NOTARY**

Cause no. 20-04-05072 410th Judicial District Court

## Clerk's Certificate of Service by Certified Mail:

I, Melisa Miller, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 20-04-05072, I executed the foregoing citation in Montgomery County, Texas on this the 29th day of April, 2020, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition attached thereto, via certified mail no. 92147969009997901633499797 and addressed to

United Property & Casualty Insurance Company
Registered Agent CT Corporation System
1999 Bryan Street Ste 900
Dallas TX 75201

and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially April 29, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _____
Deven Maropis





UNITED STATES POSTAL SERVICE



Code: 20-04-05072
Code2: 410th

RECEIVED AND FILED
FOR RECORD
11:01 O'Clock

MAY 08 2020

Melisa Miller, District Clerk
Montgomery County, Texas
_____, Deputy

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box •

**Service Division**
**Montgomery County District Clerk**
**P. O. Box 2985**
**Conroe, TX 77305**



9290 9969 0099 9733 4998 03

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United Property & Casualty Insurance Company
Registerd Agent CT Corporation System
1999 Bryan Street
Suite 900
Dallas, TX 75201
4/29/2020 10:46:30AM

9290 9969 0099 9733 4998 03

2. Article Number *(Transfer from service label)*

9214 7969 0099 9790 1633 4997 97

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Antoinette W. Williams_          ☐ Agent
                                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
Antoinette Williams              MAY 0 7 2020

D. Is delivery address different from item 1? ☐ Yes
   If YES enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

Received and E-Filed for Record
5/19/2020 9:43 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

**CAUSE NO: 20-04-05072**

| | | |
|---|---|---|
| **MARTHA QUINTANILLA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **410th JUDICIAL DISTRICT** |

### <u>DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its *Original Answer to Plaintiff's Original Petition with Request for Disclosures,*, and would respectfully show unto the Court the following:

### II.
### <u>GENERAL DENIAL</u>

1.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant") asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff MARTHA QUINTANILLA ("QUINTANILLA" or "Plaintiff") be required to prove her charges and allegations against UPC by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## III.
## <u>DEFENSES</u>

2.      Defendant UPC denies that the required conditions precedent were performed and/or occurred.

3.      The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiff, therefore, UPC is not liable to Plaintiff.

4.      Defendant UPC issued a policy of insurance to Plaintiff MARTHA QUINTANILLA, (the "Policy"), and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

5.      The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6.      The Policy does not cover damages which occurred prior to policy inception.

7.      The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.

8.      The Policy requires direct, physical loss.

9.      UPC is entitled to any credits or set-offs for prior payments by itself or other third parties.

10.     To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

11.     Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance

benefits.

12.     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

13.     Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual Texas Insurance Code claims. Because Plaintiff's allegations are generally based on UPC's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Texas Insurance Code claims.

## IV.
## REQUEST FOR DISCLOSURES

14.     Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.

## V.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY prays that Plaintiff take nothing by her suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Sarah Smith_
Sarah R. Smith
Texas Bar No:  24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 19th day of May, 2020.

Larry W. Lawrence, Jr.                    _Via eService_
Michael Lawrence
Celeste Guerra
LAWRENCE LAW FIRM
3112 Windsor Rd. Suite A234
Austin, Texas 78703
Lawrencefirm@gmail.com

ATTORNEYS FOR PLAINTIFF
MARTHA QUINTANILLA

_/s/ Sarah R. Smith_
Sarah R. Smith

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back        Location : All Courts  Images  Help

# REGISTER OF ACTIONS
## CASE NO. 20-04-05072

| | | |
|---|---|---|
| **Martha Quintanilla VS. United Property & Casualty Insurance Company** | § § § § § § | Case Type:  **Contract-Other >$200,000**<br>Date Filed:  **04/28/2020**<br>Location:  **410th Judicial District Court** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Defendant** | **United Property & Casualty Insurance Company**<br>Dallas, TX 75201 | | **Sarah R. Smith**<br>*Retained*<br>832-460-4622(W) |
| | | | |
| **Plaintiff** | **Quintanilla, Martha** | | **Larry W Lawrence, Jr.**<br>*Retained*<br>956-994-0057(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 04/28/2020 | **Original Petition (OCA)** | | |
| 04/28/2020 | **E-Filed Original Petition Document** | | |
| 04/28/2020 | **Request For Service** | | |
| 04/29/2020 | **Jury Trial Requested** | | |
| 04/29/2020 | **Jury Fee Paid** | | |
| 04/29/2020 | **Certified Mail Citation** | | |
| | United Property & Casualty Insurance Company | Served | 05/01/2020 |
| | | Returned | 05/08/2020 |
| 05/19/2020 | **Original Answer** | | |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Quintanilla, Martha | | |
| Total Financial Assessment | | 427.00 |
| Total Payments and Credits | | 427.00 |
| **Balance Due as of 05/28/2020** | | **0.00** |
| | | |
| 04/29/2020 | Transaction Assessment | 427.00 |
| 04/29/2020 | E-File Electronic Payment  Receipt # 2020-267530   Quintanilla, Martha | (427.00) |